UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHENG CHEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PANDA EXPRESS, INC., a foreign profit corporation; PANDA RESTAURANT GROUP, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>28 U.S.C. §§ 1332, 1441, 1446 |

TO: Clerk of the Court;

AND TO: Cheng Chen, Plaintiff;

AND TO: Timothy W. Emery, Patrick B. Reddy, Paul Cipriani, and Hannah M. Hamley, Emery Reddy PLLC, Plaintiff's attorneys of record:

PLEASE TAKE NOTICE that Defendants Panda Express, Inc. ("PEI") and Panda Restaurant Group, Inc. ("PRG") (collectively, "Defendants") by this Notice, now effect the removal of the above-entitled action from the Superior Court of the State of Washington in and for the County of King to the United States District Court for the Western District of Washington at Seattle. This removal is based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§



LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1332(d) and 1453, and is proper and timely under 28 U.S.C. §§ 1441(a) and 1446. Written notice of the filing of this Notice of Removal is being filed with the Clerk of the Superior Court for the State of Washington, in and for the County of King, and shall be served upon all parties with a copy of this Notice pursuant to 28 U.S.C. § 1446(d).

In support of its Notice of Removal, Defendants provide the following information:

## I. PLEADINGS

1. On July 1, 2025, Plaintiff commenced the instant matter by filing a copy of the Class Action Complaint ("Complaint") with the Superior Court of the State of Washington in and for the County of King ("State Court Action"). A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**. The Complaint sets forth one cause of action based on an alleged violation of RCW 49.62.070, and brings forth claims on behalf of Plaintiff and a putative class under Washington Civil Rule 23. Specifically, Plaintiff has alleged that he and "potentially dozens of Washington employees" were "restricted, restrained, or prohibited" from "having an additional job supplementing their income by working for another employer, working as an independent contractor or being self-employed." Ex. A at ¶¶31, 42. Plaintiff has defined the putative class as follows:

> All current and former employees of Panda Express, Inc. or Panda Restaurant Group, Inc. who worked in Washington and earned less than twice the applicable state minimum hourly wage from January 1, 2020 through the date notice is provided to the Class.

*Id.,* ¶29. Plaintiff seeks $5,000 in statutory damages for himself and each putative class member, as well as attorneys' fees and costs plus interest. *Id.,* ¶¶47-49.

2. True and correct copies of the two Summons filed with the Court are attached as **Exhibit B.** A true and correct copy of the Case Information Cover Sheet is attached as **Exhibit C.** A true and correct copy of the Order Setting Case Schedule is attached as **Exhibit D.**

3. Plaintiff effected service of the Summons and Complaint on Defendant PEI on July 3, 2025, through PEI's registered agent for service of process in the State of Washington, CT



LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

Corporation System. A true and correct copy of the Declaration of Service Plaintiff filed with King County Superior Court for PEI is attached as **Exhibit E.** Plaintiff effected service of the Summons and Complaint on Defendant PRG on July 15, 2025 at PRG's corporate offices in Rosemead, CA. A true and correct copy of the Declaration of Service Plaintiff filed with King County Superior Court for PRG is attached as **Exhibit F.**

4. Defendants appeared through their counsel in the State Court Action on July 18, 2025. A true and correct copy of Defense Counsel's Notice of Appearance is attached as **Exhibit G**.

5. Defendants filed an Answer, Affirmative and Other Defenses to Plaintiff's Class Action Complaint on August 8, 2025. A true and correct copy of Defendants' Answer is attached as **Exhibit H**.

6. By signing this Notice of Removal, counsel for Defendants verify that the above-described items attached hereto are true and complete copies of the records and proceedings that were filed in the State Court Action.

## II. VENUE AND INTRA-DISTRICT ASSIGNMENT

7. Venue is proper (for purposes of removal) in the Western District of Washington at Seattle. Venue is proper in this District because this is the District Court of the United States for the District encompassing the place where this action is pending. 28 U.S.C. § 1441. Venue is proper in Seattle because Plaintiff initiated the lawsuit in King County. *See* Western District of Washington Local Civil Rule 3(e)(1).

## III. TIMELINESS OF REMOVAL

8. "In a CAFA [Class Action Fairness Act] case, when 'neither of the two thirty-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) has been triggered,' there is no 'time limit' and the case 'may be removed at any time.'" *Reynolds v. Autozone Parts, Inc.*, 2025 U.S. Dist. LEXIS 164652, at *4 (W.D. Wash. Aug. 25, 2025) (quoting *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013)).



LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

9. Here, there is nothing in Plaintiff's Complaint from which it may be ascertained that the case is removable under CAFA. Plaintiff's Complaint does not provide any statement or estimate of the specific number of putative class members; instead, Plaintiff's Complaint merely alleges that "[t]here are potentially dozens of Washington employees who earned less than twice the applicable state minimum hourly wage, and were restricted, restrained, or prohibited from having an additional job." Ex. A at ¶34. Likewise, Plaintiff's Complaint does not provide any statement or estimate of the "sum or value" of the "matter in controversy." 28 U.S.C. § 1332(d)(2). Consequently, at present there is no time limit for removal in this case, and the action may be removed at any time. *Reynolds*, 2025 U.S. Dist. LEXIS 164652, at *4.

10. In cases such as this one, where neither of the 30-day removal deadlines under 28 U.S.C. § 1446(b)(1) or (b)(3) has been triggered, a defendant may remove a case under CAFA on the basis of its own investigation and information. *Roth*, 720 F.3d at 1125. Defendants do so here. As discussed below, based on a review and analysis of business records prepared and maintained in the ordinary course of Defendants' regularly conducted business activity, Defendants have confirmed that the number of potential class members who fall within Plaintiff's proposed class definition exceeds 1,000 workers. *See* accompanying Declaration of Jessica Chan, ¶3, ("Chan Decl."). Thus, based on Plaintiff's assertion that "Plaintiff and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs," Ex. A, ¶28, the amount in controversy in this matter satisfies the requirements for CAFA jurisdiction because such amount exceeds $5,000,000.

## IV. CAFA JURISDICTION

11. This Court has jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state rule; (b) in which the putative class contains one hundred or more members; (c) in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, with certain limitations that apply



LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

where one or more defendants is a citizen of the state in which the action was filed; and (d) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. §1446. As set forth below, this case meets all of CAFA's requirements for removal and is properly removed by the filing of this Notice or Removal.

**A. Plaintiff's Class Action Was Filed Under State Law.**

12. Plaintiff initiated a civil action in King County Superior Court asserting class action allegations under Washington Civil Rule 23. *See* Ex. A, ¶¶ 29-45.

**B. The Putative Class Size Exceeds 100 Individuals.**

13. 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." In the Complaint, Plaintiff broadly defines the proposed class to include "[a]ll current and former employees of Panda Express, Inc. or Panda Restaurant Group, Inc. who worked in Washington and earned less than twice the applicable state minimum hourly wage from January 1, 2020 through the date notice is provided to the Class." Ex. A, ¶29. After service of the Complaint, Defendants reviewed their internal business records and determined that, from January 1, 2020 through August 19, 2025, the number of putative class members who fall within Plaintiff's proposed class definition includes at least 8,844 current and former employees. Chan Decl., ¶3. Thus, the proposed class alleged in Plaintiff's Complaint exceeds 100 individuals as required by CAFA.

**C. Plaintiff and Defendants Are Citizens of Different States.**

14. CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). Minimal diversity of citizenship exists here because Plaintiff and Defendants are citizens of different states.



LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

15. Citizenship of Plaintiff. For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, where that person resides with the intention to remain or to which that person intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *See Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13–1040, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) ("A party's residence is 'prima facie' evidence of domicile . . . In the absence of evidence to the contrary, [plaintiff whose complaint alleged he resided in California] is a California citizen for diversity purposes.") (internal citation omitted). Plaintiff alleges in the Complaint that he is domiciled in and a citizen of the State of Washington. Ex. A, ¶17. Thus, Plaintiff's own representations establish that he is a citizen of Washington State.

16. Citizenship of Corporate Defendants. For purposes of diversity, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation's "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation may only have a singular "principal place of business," *id.* at 93, which is the corporation's "nerve center." *Id.* at 81. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id.* at 93. At the time this action was commenced, and at the time of removal, Defendants were not, and are not, citizens of Washington State. Defendant Panda Express, Inc. is a wholly owned subsidiary of Panda Restaurant Group, Inc., and is a California corporation that has its principal place of business in California. Chan Decl., ¶4. Defendant Panda Restaurant Group, Inc. is also a California corporation with a principal place of business in California. Chan Decl., ¶¶4-5. Therefore, all Defendants are citizens of states outside of Washington, and for purposes of diversity of citizenship, Defendants are not citizens of Washington. *Johnson*, 437 F.3d at 899.



LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

17. Accordingly, minimal diversity of citizenship exists here because Plaintiff and Defendants are citizens of different states.

**D. The Amount in Controversy Exceeds $5,000,000.**

18. Plaintiff's Complaint is the Court's "first source of reference in determining the amount in controversy." *LaCross v. Knight Transp., Inc*., 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938)). The Complaint does not state a specific amount of damages. *See* Ex. A, Part VII. A defendant seeking removal of a putative class action must demonstrate, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum, which is the same standard as when the plaintiff does not plead any amount in controversy. *Rodriguez v. AT & T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a court or jury might later determine to be the actual amount of damages, if any. *Lewis v. Verizon Commcns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") (citation omitted); see also *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (the amount in controversy for purposes of general diversity removal "encompasses all relief a court may grant on that complaint if the plaintiff is victorious").

19. Plaintiff's broad putative class definition encompasses any current or former employee working in Washington who earned less than twice the minimum wage from January 1, 2020 through the date notice is provided to the Class. *See* Ex. A at ¶29 (quoted above in Paragraph 1). Defendants deny that Plaintiff's claims have any merit, dispute that class certification is appropriate for any group, and assert that neither Plaintiff nor any putative class member is entitled to any damages or other relief. However, for purposes of removal only, based on a review of Defendants' records, for the time period from January 1, 2020 through August 19, 2025, the putative class includes at least 8,844 current and former employees. Chan Decl., ¶3.



LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

20. Statutory Damages. Plaintiff seeks statutory damages of $5,000 for himself and each putative class member. Based on Plaintiff's claim for statutory damages alone, the amount that Plaintiff has put into controversy in this matter is **$44,220,000** (8,844 putative class members multiplied by $5,000 in alleged statutory damages).

21. Attorneys' Fees and Costs. Plaintiff further seeks his attorneys' fees and costs. Ex. A, ¶48. It is well settled that when the statute at issue "provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn by Marriott,* 936 F.3d 920, 922 (9th Cir. 2019); *Reynolds*, 2025 U.S. Dist. LEXIS 164652, at *7.

22. In class cases, courts in the Ninth Circuit may employ a 25% "benchmark" in calculating awardable fees. See *Copple v. Arthur J. Gallegher & Co*., No. C22-0116-LK-SKV, 2022 WL 3357865, at *5, 7 (W.D. Wash. Aug. 2, 2022), adopted by 2022 WL 4448546 (W.D. Wash. Sept. 23, 2022) (denying remand and applying 25% benchmark to damages estimate in class action (yielding approximately $1 million in estimated fees)) (citing *Staton v. Boeing Co*., 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees.")); *Levy v. Salcor, Inc*., No. C14-5022 BHS, 2014 WL 775443, at *5 (W.D. Wash. Feb. 25, 2014) (applying 25% benchmark to damages estimate, resulting in $1,125,000 in estimated fees) (citing *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)); *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1337–38 (E.D. Cal. 2015) (denying remand as "[n]o two cases are ever perfectly alike. The court must nonetheless do its best to estimate attorneys' fees, and in light of these cases, the court finds that defendant's fee estimation of 25 percent of recovery is a reasonable one.")

23. Here, given Plaintiff's alleged statutory damages and the number of putative class members, a reasonable estimate of Plaintiff's attorneys' fees at issue would be at least **$11,055,000** (25% of $44,220,000).



LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

24. Total Amount in Controversy. In accordance with the above estimates, the amount in controversy in the present action is at least **$55,275,000**, which more than exceeds the minimum of $5,000,000 for jurisdiction under CAFA.

## V. NOTICE TO PLAINTIFF AND STATE COURT

25. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiff's counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will be followed and satisfied.

## VI. RESERVATION OF RIGHTS

26. In the event this Court should be inclined to remand this action, Defendants request that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

27. Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, including but not limited to any defenses stated in Defendants' Answer or Federal Rule of Civil Procedure 12(b), defenses to class certification, defenses on the merits, and defenses to claims for potential damages by Plaintiff or any other individual.

WHEREFORE, Defendants respectfully request that this action now pending in the Superior Court of the State of Washington, in and for the County of King, be removed to the United States District Court for the Western District of Washington at Seattle.

//

//

//

//

//

//



LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

Dated: September 23, 2025

*s/ Douglas E. Smith*
Douglas E. Smith, WSBA #17319
desmith@littler.com

*s/Laura Y. Davis*
Laura Y. Davis, WSBA #52035
ladavis@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
Telephone: 206.623.3300

Attorney for Defendants PANDA EXPRESS, INC.; PANDA RESTAURANT GROUP, INC.

**CERTIFICATE OF SERVICE**

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, WA 98101. I hereby certify that on September 23, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

**Attorneys for Plaintiff**

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani, WSBA #59991
Hannah M. Hamley, WSBA #59020
EMERY REDDY, PLLC
600 Stewart St., Suite 1100
Seattle, WA 98101
Tel: 206-442-9106
emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com
hannah@emeryreddy.com

I certify under penalty of perjury under the laws of the United States and of the State of Washington that the foregoing is true and correct.

Dated: September 23, 2025.

*s/ Karen Fiumano Yun*
Karen Fiumano Yun
kfiumano@littler.com
**LITTLER MENDELSON, P.C.**



LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300